By the WHOLE COURT.
PRO VO STY, C. X
The accused not appearing. on the day fixed for his trial, his bond was forfeited'. Thereafter his surety *101 surrendered him in open court to the sheriff, and the judgment of forfeiture was set aside. This was in the parish of Orleans. The state appeals, contending that- there is no law providing for the setting aside of judgments forfeiting appearance bonds in the parish of Orleans.
Act 76, p. 99, of 1898, reads:
“That section 1032 of the Revised Statutes of 1870, be amended and re-enacted so as to read as follows: ,
“It shall be the duty of the Attorney General and the several district attorneys, in their respective districts, on the convening of district court, leave of the court being first obtained, which shall always be presumed to call any or all persons who may have entered into any bond, recognizance or obligation whatsoever for their appearance or attendance at court, and also to call on the sureties to produce instanter, in open court the presence of such defendant or party accused; and upon failure to comply therewith on motion of the attorney representing the state, the court shall forthwith enter up judgment against principal and securities in solido for the full amount of the bond, recognizance or obligation.
“The judgment so rendered may at any time within ten judicial days after notice of the judgment to the parties be set aside upon either the appearance, trial, conviction or punishment of the defendant or party accused.”
Act 17, p. 23, of 1900, reads:
“An act to amend and re-enact Act No. 76 of 1898, amending and re-enacting section 1032 of the Revised Statutes of 1870 relative to the forfeiture’ of bonds in criminal cases, the parish of Orleans excepted.
“Be it enacted by the General Assembly of the state of Louisiana, that Act No. 76 of the regular session of 1898 approved July 11, 1898, amending and re-enacting section 1032 of the Revised Statutes of 1870 relative to the forfeiture of bonds in criminal cases be amended and re-enacted so as to read as follows:
“That it shall be the duty of the Attorney General and the several district attorneys in their respective districts (the parish of Orleans excepted) on the convening of district courts leave of the court being first obtained, which leave shall always be presumed, to call any or all persons who may have entered into any bond, recognizance or obligation whatsoever in any criminal case for their appearanee at court, and also to call on the sureties on such bond, recognizance or obligation to produce instanter in open court such defendant or party accused and upon failure to comply therewith, on motion of the attorney representing the state, the court shall forthwith enter up judgment against such principal and securities in solido for the full amount of such bond, recognizance or obligation.
“The judgment so rendered may at any time within five days after rendition thereof be set aside upon the appearance, and trial and conviction or acquittal of or upon a continuance, after such appearance granted upon motion of the attorney representing the state.”
The former of these acts applies to the parish of Orleans. The contention is that it was repealed by the latter act. The latter act in its title and also in its body excepts the parish of Orleans. Therefore it can have no application to, or operation in, that parish. Such being the case, the act of 1898 remains unaffected by it, so, far as Orleans is concerned, and hence remains in full force in that parish.
Such a thing is possible as that the said, act of 1900 should be unconstitutional because purporting to be operative only in a part of the state, and not throughout the state, but most certainly in view of its express declaration, both in title and body, excepting Orleans, it cannot possibly be allowed to affect that parish in any way, and hence does not repeal said act of 1898 so far as Orleans is concerned, for if it did it would be affecting that parish, and thus, operate contrary to the express declaration of both its title and its body.
Under the operation of said act of 1898 it is possible for an accused, 'in a case where the right to bail is absolute, not discretionary with the court, to repeatedly postpone his trial until all the witnesses and all the judges and lawyers and jurymen living at the time of the commission of the crime are dead and buried — in fact, until his own death— by simply never appearing on the day fixed for his trial, but only at some subsequent *103 time, and having the forfeiture of his bond set aside and executing a new bond, all without a dollar of expense to himself.
Why the parish of Orleans should have been excepted from the operation of the statute amending this statute for curing this ridiculous defect in our law is one of .those freaks of legislation which nobody can un•derstand.
Judgment affirmed.
DAWKINS, J., dissents.
O’NIELL, J., being absent from the state, •takes no part in the decision of this case.